# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2013

Lyle W. Cayce
Clerk

No. 12-10415
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES MARES REYNA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-260-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Andres Mares Reyna, Jr. (Reyna), appeals the 10-month sentence imposed on revocation of his supervised release. The revocation sentence was ordered to run consecutively to his 57-month illegal reentry sentence.

On appeal, Reyna contends that the district court erred by imposing a consecutive revocation sentence based on its erroneous belief that it was required to do so; failing to adequately explain its reasons for imposing a consecutive, 10-month revocation sentence; and ordering that the revocation and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal reentry sentences run consecutively to each other. Since Reyna did not object to his sentence on the grounds he raises on appeal, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

To show plain error, Reyna must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

In this case, as in *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009), there is no indication that the district court believed that it lacked discretion to impose a concurrent sentence. When the revocation sentence was imposed, the district court had already ordered that the illegal reentry sentence run consecutively to any revocation sentence; therefore, as the Government argues, the district court's admonishment to Reyna that his revocation sentence *would* run consecutively to the illegal reentry sentence was an accurate statement of the potential punishment he faced and not an indication that the district court believed that it lacked discretion to impose a concurrent sentence. Additionally, since Reyna had urged the district court to impose a concurrent sentence, we can infer that the district court knew that it had the discretion to impose a concurrent sentence. *See id.* Reyna has failed to show any error, plain or otherwise.

The district court stated that a 10-month revocation sentence was "appropriate" in light of the 18 U.S.C. § 3553(a) factors. The district court therefore provided adequate reasons for imposing the 10-month revocation sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Although the district court did not specifically explain why it imposed a consecutive revocation sentence, Reyna makes no argument as to how an adequate explanation would

have changed his sentence.  Therefore, he has failed to show that the error, if any, affected his substantial rights.  *See Mondragon-Santiago*, 564 F.3d at 365.

"A sentence may be illegal if it is ambiguous with respect to the time and manner in which it is to be served[ or] is internally self-contradictory . . . ." *United States v. Setser*, 607 F.3d 128, 132 (5th Cir. 2010) (internal quotation marks and citations omitted).  The Government persuasively argues that the revocation sentence is not ambiguous or contradictory since the judgment does not require that the revocation sentence be served first and requires only that it be served consecutively to the illegal reentry sentence.  Moreover, as Reyna cites no authority that supports his argument that the mutually consecutive sentences are illegal, he has failed to show any error, plain or otherwise.  *See United States v. Sandlin*, 589 F.3d 749, 757 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.